No. 19cv.49-LTS·MAR

IN THE

SUPREME COURT OF THE UNITED STATES

———————

JESSE LOUIS KAISER

PETITIONER

VS.

UNITED STATE OF AMERICA ET; AL

D/B/A: ANTHONY R. MORFITT

UNITED STATES DISTRICT COURT NORTHERN
DIVISION OF IOWA

UNITED STATES COURT OF APPEALS FOR THE EIGHTH
CIRCUIT

———————

JESSE LOUIS KAISER
4609 MARSUE CIRCLE
CEDAR RAPIDS, IOWA 52402

# LIST OF PARTIES

All parties appear in the caption of the case on the
cover page and/or as follows:

UNITED STATES OF AMERICA ET; AL

D/B/A: ANTHONY R. MORFITT

ANTHONY R. MORFITT
111 7TH AVE S.E. BOX 1
CEDAR RAPIDS, IOWA 52401

UNITED STATES DISTRICT COURT NORTHERN
DIVISION OF IOWA

UNITED STATES COURT OF APPEALS FOR THE EIGHTH
CIRCUIT

i

# TABLE OF CONTENTS

Page

TABLE OF CITITATIONS.............................. iii

STATUTES..................................................... iv

CITED U.C.C.................................................. v

INTRODUCTION........................................... 1

UNANSWERED JURISDICTIONAL ISSUES..... 1

OVERALL FACTS.......................................... 4

DUE PROCESS CLAUSE................................ 7

REQUEST FROM SUPREME COURT.............. 7

CONCLUSION............................................... 8

COMPLIANCE............................................. 8-9

ii

# TABLE OF CITATIONS

## CASES

*Silkwood v. Kerr-McGee Corp.*
[464Vu.s. 238, [247 supra]] (1984)

*Perry Education Assn. v. Perry Local Educator's Assn.*
460 U.S. 37, 43

*Main v. Thiboutot*
100 S. Ct 2502 (1980)

*Hagans v. Lavine*
415 U.S. 533

*Thompson v. Tolmie*
2 Pet, 157 7.L. ED. 381

*Griffith v. Frazier*
8 Cr. 9, 3 L. ED 471

*Basso v. Utah Power & Light Co.*
4952nd 906 at 910

*United States v. Lee*
106 U.S. 196, 220, 221, 1.S. CT 240, 261

*McNutt v. GMAC*
298 U.S. 178

*Gowdy v. Baltimore and Ohio R.R. Company*
385 III. 86, 92, 52 N.E. 2d 255 (1943)

*Maxfield's Lessee v. Levy* 4
U.S. 308

iv

STATUTES

28 U.S.C. § 1251

28 U.S.C. § 1254 (2)

Title 5 U.S.C. 556

Title 5 558 (b)

Title 5 556 (d)

Title 26 CFR § 601, 503

Article 8, Section 103

Article 8, Section 105

Article 2, Section 401

Article II, 1 c. 1.5.

Title 15 § 1122

20 C.J.S. 1785, Page 11

28 U.S.C. § 3002 (15)

Federal Rule 8 (E)

Chapter 48; 48 STAT. 112

U.S. Constitution Amdt. 11

18 U.S.C. App., at 912

v

CITED U.C.C.

U.C.C. § 1-104

U.C.C. § 1-201 (2)

U.C.C. § 1-201 (14)

U.C.C. § 1-201 (27)

U.C.C. § 3-302 (A) (2)

U.C.C. § 5-102 (6)

U.C.C. § 9-105

U.C.C. § 10-104

## INTRODUCTION

Now Comes Aggrieved parties (U.C.C. § 1-201 (2)) Jesse-Louis: Kaiser© TM (hereinafter Aggrieved party), Sui Juris, Secured Party (U.C.C. § 9-105), NON-PERSON (U.C.C. § 1-201 (27)), NON-RESIDENT, NON-DEBTOR (28 U.S.C. § 3002 (4), NON-CORPERATED, NON-FIXTION, NON-SUBJECT, NON-PARTICIANT in any government programs, a Living flesh and blood Man standing on the ground, Sovereign, NON-CITIZEN, under Special Appearance (Rule 8 (E)) not generally, NON-DEFENDANT (U.C.C. § 1-201 (14), Holder-In-Due-Course (U.C.C. § 3-302 (A) (2) of all documentation (U.C.C. § 5-102 (6) of the "Entity" Cestui Que Vie trust Jesse-Louis: Kaiser © TM, representing the Corporate Fiction: JESSE-LOUIS: KAISER

## UNANSWERED JURISDICTIONAL ISSUES

It is the court's responsibility to prove it has subject matter jurisdiction, and where a judge arbitrarily claims the court has jurisdiction, he is violating the defendant's right to due process of the law. It is, in fact, the plaintiff's responsibility to prove, on the record.

The jurisdictional issue we must consider is whether this case is properly within our authority, under 28 U.S.C. 1254 (2) to review the decision from a Federal Court [480 U.S. 572, 579] of appeals by appeals if a state Statue "held by a court of appeals to be invalid as repugnant to the Constitution, treaties or laws of the United States...." Statutes

authorizing appeals are to be strictly construed. [*Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 247 (1984). *Perry Education Assn. v. Perry Local Educator's Assn.*, [460 U.S. 37, 43 (1983)]. As noted in *Silkwood*, supra, at 247, "we have consistently distinguished between those cases in which a state statute is expressly struck down" as repugnant to the Constitution, treaties, or Laws of the United States, and those case(s) in which "an exercise of authority under state law in invalidated without reference to the state statute(s)."

That jurisdiction exists, and jurisdiction can be challenged at any time, even years later, and even collaterally, as in a private administrative process, as was done herein. It is the petitioner's right to challenge jurisdiction, and it is the Courts duty to prove it exist.

**(a) "The law provides that once the State and Federal jurisdiction has been challenged, it must be proven." *Main v. Thiboutot*, 100 S. Ct. 2502 (1980);**

(b) "Once jurisdiction is challenged, it must be proven." *Hagans v. Lavine*, 415 U.S. 533;

(c) "Where there is absence of jurisdiction, all administrative and judicial proceedings are a nullity and confer no right, offer no protection, and afford no justification, and may be rejected upon direct attack." *Thompson v. Tolmi*, 2 Pet. 157, 7 L. Ed. 381; *Griffith v. Fraizer*, 8 Cr. 9, 3 L. Ed. 471;

(d) "No sanctions can be imposed absent proof of jurisdiction." *Standard v. Olsen*, 74 S. Ct. 768; Title 5 U.S.C., Sec. 556 and 558(b);

(e) "The proponent of the rule has the burden of proof." Title 5 U.S.C., Sec. 556(d);

(f) "Jurisdiction can be challenged at any time, even on final determination." *Basso v. Utah Power & Light Co.*, 495 2nd 906 at 910.

**(g) When jurisdiction challenges the act of a Federal or State official as being illegal, that official cannot simply avoid liability based on the fact that he is a public official. [*United States v. Lee*, 106 U.S. 196, 220, 221, 1.S. Ct 240, 261].**

Jurisdiction, once challenged, **is to be proven, not by the Court, but by the party attempting to assert jurisdiction, the burden of proof of jurisdiction lies with the asserter.** The Court is only to rule of the sufficiency of the proof tendered, see *McNutt v. GMAC*, 298 U.S. 178. The origins of this doctrine of law may be found in *Maxfield's Lessee v. Levy* 4, U.S. 308.

The Prosecutor has the duty to place all fact(s) of jurisdiction upon the record as a necessary requirement of due process of law. [A Court "cannot confer jurisdiction where none exists and cannot make a void proceeding valid."] [See *Gowdy v. Baltimore and Ohio R.R. Company*, 385 Ill. 86, 92, 52 N.E. 2d 255(1943)] without evidence, no such jurisdiction can be presumed to exist.

Respondent, Anthony R. Morfitt, was given three separate notices and opportunities to respond, which is adequate due process. He received the initial Private Administrative Remedy and was subsequently served with a Notice of Fault/Opportunity to Cure, and then further served a Notice of Default and Contractual Notice and Demand for Settlement and Closure of the Escrow, and then finally an Administrative Judgement signed by an impartial third party, witness and notary. Anthony R. Morfitt, Respondent agrees that his default, which was by his choice, would comprise her agreement with all the terms of this trust contract and his waiver of all rights or recourse, appeal, objection, protest, claim or controversy having had opportunity and failed let to state jurisdiction on the record. The prosecutor's duty and obligation to provide ALL the facts that establish the court's jurisdiction and **place them upon the record** — even in a collateral attack against jurisdiction.

## OVERALL FACTS

Aggrieved Party, Jesse-Louis: Kaiser, Sui Juris, has duly Accepted For Value, filed and Registered with the Secretary of Treasury, the Department of Licensing, Uniform Commercial Code Division, among others, My Birth Registration Documents in accordance with House Joint Resolution 192 of June 5, 1933 and U.C.C. § 1-104 & U.C.C. § 10-104, as well as Chapter 48 48.STAT 112; thereby, and further herein re-vesting to Grantor Title of all property in accordance with 26 CFR § 1.676A-1, to include any

and all Power of Attorney under 26 CFR§ 601.503, which were displaced due to fraudulent inducements to transact business and nondisclosure of material facts and legal ramifications.

It has been further found and determined that the Application for Birth Registration, the live Birth Report, and insurance of a "Certificate of Live Birth" are all one of the same "Security Instruments as articulated in U.C.C. Article 8, Section 103 & 105, and do not have any "Authorized Signatures" thereon, (Article 2, Sec. 401) and are therefore "Counterfeit Securities" further warranting the return thereof. Furthermore, an "Statement of withdrawal, Form SSA-521" was fraudulently included through continuous actions into the jurisdiction of the Federal Government by way of the before mentioned contracts/forms thereby altering my citizenship as a real free-born human being within the Republic, held under Article II, 1 c. 1.5. Also, an W8BEN has been filed with the Secretary of State, along with The United States of America Treasury and to Puerto Rico showing/claiming a filed W8BEN: "Certificate of Foreign Status of Beneficial"; has become Holder-In-Due-Course to any/all document(s) of the fraudulent filing(s) of the CORPORATE Fiction of: JESSE-LOUIS: KAISER

Aggrieved Party, Jesse-Louis: Kaiser, **has rescind any/all contracts with any/all Court(s) State and/or Federal; and any/all Government program(s) set forth with any/all Government Agencies; and does not reply on and/or accept anything from the Government.**

THE UNITED STATES OF AMERICA ET; AL.. D/B/A: ANTHONY R. MORFITT: has went silent and has refused to answer any/all request of jurisdiction. As stated above; jurisdiction, once challenged, **is to be proven, not by the Court, but by the party attempting to assert jurisdiction, the burden of proof of jurisdiction lies with the asserter.** The Court is only to rule of the sufficiency of the proof tendered, see *McNutt v. GMAC*, 298 U.S. 178. The origins of this doctrine of law may be found in *Maxfield's Lessee v. Levy 4*, U.S. 308. TITLE 15 § 1122. Liability of United States and States, and instrumentalities and officials thereof;

(a) Waiver of sovereign immunity by the United States:
The United States, all agencies and instrumentalities thereof, and all individuals, firms, corporations, other persons acting for the United States and with the authorization and consent of the United States, shall not be immune from suit in Federal or State court by any person, including any governmental or nongovernmental entity, for any violation under this chapter.

(b) Waiver of sovereign immunity by States:
Any State, instrumentality of a State or any officer or employee of a State or instrumentality of a State acting in his or her official capacity, shall not be immune, under the eleventh amendment of the Constitution of the United States or under any other doctrine of sovereign immunity, from suit in Federal court by any person, including any governmental or

nongovernmental entity for any violation under this chapter.

## DUE PROCESS CLAUSE

Due Process Clause of the Fourteenth Amendment to contest certain issues on Appeal, even if the Defendant entered an unconditional guilty plea. Since a rule of Procedure cannot abrogate a constitutional right, the Advisory Committee's note on Rule II specify that Rule II (a (2) "has no application" and should not be interpreted as either broadening or narrowing procedures for its application. [18 U.S.C. App., at 912].

## REQUEST FROM THE SUPREME COURT

Aggrieved party requests this Supreme Court to give notice to all government agents, agencies and lower Courts that he is outside the jurisdiction of the UNITED STATES CORPORATION (28 U.S.C. § 3002 (15)) (20 C.J.S. 1785 P. 11). And enter judgment in his favor against Plaintiff in an amount that will compensate him for his actual damages, statutory damages, punitive damages, court costs, applicable attorney fees and all other appropriate relief.

Since jurisdiction has been challenged and THE UNITED STATES OF AMERICA, ET AL has remained silent, D/B/A: Anthony R. Morfitt, **that official cannot simply avoid liability based on the fact that he is a public official**; the Aggrieved Party is

requesting to analyze any/all options of any/all Agent(s), and to reverse said case back to the original court and put said jurisdiction on the record and since the liability is on THE UNITED STATES OF AMERICA; D/B/A: Anthony R. Morfitt, be subpoenaed to answer any/all jurisdictional issues since the burden of proof of jurisdiction lies with the asserter. "No sanctions can be imposed absent proof of jurisdiction issue(s)."

## CONCLUSION

For the written reason(s), Jesse-Louis: Kaiser, respectfully requests the Supreme Court to force THE UNITED STATES OF AMERICA ET; AL. to answer any/all jurisdictional issues; as void order(s) shall be circumvented by collateral attack or remedied where jurisdictional was challenged from the beginning.

Respectfully submitted,

*Jesse-Louis: Kaiser*

Jesse-Louis: Kaiser                    DATE: 4/29/2019

## COMPLIANCE

Under Rule 17, Procedure in an Original Action, invoking the Court's original jurisdiction under Article III of The Constitution of the United States, the count words are 2164 of the 9000-word limit. I, Jesse-Louis: Kaiser©, Sui Juris, the above titled cause hereby verifies under penalty of perjury,

under the laws of the United States of America,
without the "United States" (federal government).
That the above statement of facts and laws is true
and correct and complete, according to the best of my
current information, knowledge, and belief, so help
me God, pursuant to 28 U.S.C. 1746 (1).

*Jesse - Louis: Kaiser*

Jesse-Louis: Kaiser©

CERTIFICATE OF SERVICE

The following document(s) have been served by Regular U.S. Mail as follows:

U.S.D.C. For The Northern District of Iowa

Attn: Clerk (3)

111 Seventh Avenue SE

Cedar Rapids, IA 52401-2101

Anthony R. Morfitt

111 Seventh Avenue SE Box 1

Cedar Rapids, IA 52401-2101

On this 29 day of April, 2019.

Jesse-Louis: Kaiser