# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

JESSE LOUIS KAISER,

    Plaintiff,

vs.

ANTHONY R. MORFITT,

    Defendant.

No. C19-0049-LTS

**ORDER**

This case is before me pursuant to plaintiff Jesse Kaiser's pro se complaint (Doc. No. 1).

## I.     BACKGROUND

Kaiser has a long history before this court. On March 12, 2014, he was sentenced to 87 months for conspiracy to distribute marijuana.[1] CR11-0107-LRR, Doc. No. 107. On April 13, 2016, Kaiser filed a pro se civil complaint against Assistant United States Attorney Anthony Morfitt.[2] C16-0053-LTS, Doc. No. 1. In that complaint, Kaiser made various unsupported claims regarding the court's jurisdiction, consistent with various fringe theories such as those of the Sovereign Citizen, Posse Comitatus or Common Law Court groups. *See Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) (discussing Sovereign Citizen ideology), *United States v. Hart*, 545 F. Supp. 470, 474 (D.N.D. 1982), *aff'd*, 701 F.2d 749 (8th Cir. 1983) (discussing Common Law groups); *see also* Michelle

---

[1] His sentence was subsequently reduced to 70 months. His expected release date is in 2020.

[2] Morfitt was involved in Kaiser's federal prosecution.

Theret, *Sovereign Citizens: A Homegrown Terrorist Threat and Its Negative Impact on South Carolina*, 63 S.C. L. Rev. 853, 861 (2012). On June 3, 2016, I dismissed Kaiser's complaint pursuant to 28 U.S.C. § 1915A.[3]

On November 18, 2016, Kaiser paid the $400 filing fee and filed another pro se complaint. *See* C16-0195-LTS, Doc. No. 1. Kaiser made the same frivolous jurisdictional arguments. On February 21, 2017, I again dismissed Kaiser's case pursuant to § 1915A. C16-0195-LTS, Doc. No. 2. Kaiser appealed and the dismissal was affirmed by the Eighth Circuit Court of Appeals. C16-0195-LTS, Doc. No. 10.

On September 26, 2018, Kaiser filed a third pro se complaint. C18-0104-LTS, Doc. No. 1. Kaiser paid the filing fee and made the same bogus jurisdictional arguments. On January 24, 2019, I entered an order observing that Kaiser had not served the summons (C18-0104-LTS, Doc. No. 6) and that his father signed and returned the Proof of Service form in an apparent attempt to comply with LR 41(a)(1). Because simply returning the Proof of Service form complied neither with LR 41(a) nor Fed. R. Civ. P. 11(a), I gave Kaiser a final 21 days to cure the service issue. C18-0104-LTS, Doc. No. 7. Kaiser did not answer the court's order. Accordingly, on March 4, 2019, I dismissed the case. C18-0104-LTS, Doc. No. 8. Kaiser filed his fourth, and current, pro se complaint on April 29, 2019.

## II. INITIAL REVIEW STANDARD

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St.*

---

[3] That section states that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss any claim that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"

*Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (explaining that, although pro se complaints must be liberally construed, they must allege sufficient facts to support the claims that are advanced). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1).

A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III. ANALYSIS

As an initial matter, there is (again) a service issue. Plaintiff filed the complaint on April 29, 2019. Doc. No. 1. On that same date, plaintiff's father, Jeff Kaiser, served the complaint on defendant and filed the Proof of Service form. Doc. No. 3. However, instead of Jeff Kaiser signing and dating the Proof of Service form under "Server's

3

Signature," that blank is filled by "Jesse Kaiser" with a date of April 29, 2019.[4] Obviously, plaintiff did not actually serve the summons, since he is incarcerated. Moreover, a party to the action cannot serve the summons. Federal Rule of Civil Procedure 4(c)(2).[5] However, because plaintiff's claim is plainly frivolous, I need not address this issue.

Plaintiff begins his complaint:

> Now Comes Aggrieved parties (U.C.C. § 1-201 (2)) Jesse-Louis: Kaiser© TM (hereinafter Aggrieved party), Sui Juris, Secured Party (U.C.C. § 9-105), NON-PERSON (U.C.C. § 1-201 (27)). NON-RESIDENT, NON-DEBTOR (28 U.S.C. § 3002(4). NON-CORPERATED. NON-FIXTION, NON-SUBJECT, NON-PARTICIANT in any government programs, a Living flesh and blood Man standing on the ground Sovereign, NON-CITIZEN, under Special Appearance (Rule 8 (E)) not generally, NON-DEFENDANT (U.C.C. § 1-201 (14), Holder-In-Due-Course (U.C.C. § 3-302 (A) (2) of all documentation. (U.C.C. § 5-102 (6) of the "Entity" Cestui Que Vie trust Jesse-Louis: Kaiser© TM. representing the Corporate Fiction: JESSE-LOUIS: KAISER[.]

Doc. No. 1 at 6. He goes on to make the same nonsensical legalese arguments about jurisdiction that he made in his prior, rejected cases. Accordingly, plaintiff's case is frivolous and must be dismissed pursuant to 28 U.S.C. § 1915(A) for the reasons set in

---

[4] Jeff Kaiser told clerk's office staff that he served the complaint.

[5] It seems likely that plaintiff is confused about the ruling in his prior case, C18-0104-LTS. In that case, plaintiff failed to serve the complaint within 90 days because of the government shutdown. Accordingly, he was obligated to explain his failure to serve by Fed. R. Civ. P. 4(m) and LR 41(a)(1). Plaintiff wrote on the Proof of Service form that defendant was not served because of the government shutdown. C18-0104-LTS, Doc. No. 6. Plaintiff was obligated to sign that filing by Fed. R. Civ. P. 11. When plaintiff's father signed that pleading instead, the pleading was struck (as there is no evidence plaintiff's father is an attorney who can represent plaintiff). In this case, service was seemingly made by an appropriate person pursuant to Fed. R. Civ. P. 4(c). Accordingly, the person who served the summons, in this case plaintiff's father, should have signed the Proof of Service form (Doc. No. 3). *See* Fed. R. Civ. P. 4(l). Instead, plaintiff signed the document. Plaintiff's signature is likely fraudulent (plaintiff is incarcerated and not physically available to serve the complaint) and, in any case, service by plaintiff is a violation of Fed. R. Civ. P. 4(c)(2).

my previous orders. *See e.g.,* C16-0053-LTS, Doc. No. 5. Additionally, at this point, plaintiff's action is also barred by the principal of res judicata. *See Urban v. Sells*, No. C14-4025-MWB, 2014 WL 3809977, at *10 (N.D. Iowa Aug. 1, 2014) (explaining the principal of res judicata and its application in pro se cases).

Finally, I note that the above-captioned case is now the fourth time plaintiff has filed essentially the same frivolous complaint. I have dismissed plaintiff's complaint on each occasion, and the dismissal of case number C16-0195-LTS was affirmed by the Eighth Circuit Court of Appeals. Not only is plaintiff wasting his money by refiling the same frivolous lawsuit over and over, but he is wasting the court's time and resources.

Plaintiff is hereby on notice that if he files the same or similar complaint again, I will take remedial measures, which may include monetary sanctions or putting plaintiff on a "restricted filer" list. *See Am. Inmate Paralegal Assoc. v. Cline,* 859 F.2d 59, 61 (8th Cir. 1988) (discussing the court's power to impose monetary sanctions for violations of Fed. R. Civ. P. 11 in pro se cases); *Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008) (discussing the court's inherent power to restrict repeat abusive filings).

### IV.    CONCLUSION

For the reasons set out above, plaintiff's pro se complaint (Doc. No. 1) is hereby **dismissed as frivolous** pursuant to 28 U.S.C. § 1915(A).

**IT IS SO ORDERED.**
**DATED** this 6th day of May, 2019.

_____
Leonard T. Strand, Chief Judge